# IN THE UNITED STATES DISTRICT COURT
# FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER HANNERS,** | ) |
| | ) |
| **Plaintiff,** | ) |
| | ) |
| v. | ) Case No.   05-2143-JWL |
| | ) |
| **AMF BOWLING CENTERS, INC.,** | ) |
| | ) |
| | ) |
| **Defendant.** | ) |

## STIPULATED PROTECTIVE ORDER

This case comes before the court on the parties' joint request for entry of a protective order. Plaintiff Jennifer Hanners ("plaintiff") and defendant AMF Bowling Centers, Inc., ("defendant"), by their respective counsel, having stipulated to the terms of this Order, and the Court being fully advised in the premises, it is hereby **ORDERED**:

**1.     Purpose of Order.**  The purpose of this Order is to prevent the disclosure of matters deemed confidential under the terms of this Order to persons or entities other than those involved in the prosecution or defense of this litigation and to facilitate the exchange of information between the parties.  The Order is necessary to protect both the parties and other persons from annoyance and embarrassment. Discovery in this case may seek private information concerning both parties and nonparties, including, for example, but not limited to, plaintiff's confidential medical records, tax information and other private documents regarding plaintiff's income, confidential matters concerning defendant's trade secrets, procedures and training, the personnel files of current and/or

1

former employees of defendant, documents concerning defendant's income, net worth and income tax returns. The privacy interests in such information substantially outweigh the public's right of access to judicial records.  Good cause exists for the issuance of a protective order under Federal Rule of Civil Procedure 26(c), including the fact that the majority of persons associated with this matter, and the above-described documents, reside or work in a relatively small group of communities which are geographically close; and if the confidential information were known in the general community, such knowledge could lead to embarrassment, humiliation, loss of status and reputation, and could potentially impact upon certain persons' personal and/or work relationships.

  **2.**  **Confidential Information.** The parties have agreed that certain categories of documents and information, if produced or disclosed during this litigation, shall be used only for purposes of this lawsuit and will be treated as confidential.  The parties have further agreed that this shall include, but is not necessarily limited to, information relating to the following topics:  the confidential financial and/or net worth information of defendant, including tax returns, annual reports, profit and loss statements, and balance sheets; confidential proprietary information concerning defendant, the confidential personnel and/or human resource files of any of defendant's current or former employees; and medical, financial and/or tax records relating to plaintiff.

  **3.**  **Designating documents and interrogatory answers as confidential**.  Any party to this action may designate as "Confidential Information" a document or interrogatory answer produced after entry of this Order by conspicuously stamping or labeling the document or interrogatory answer with the word "Confidential."  Documents or information produced by either party shall not be treated as confidential pursuant to this Order unless they are stamped or labeled in

such a fashion except as provided in this Order.  The inadvertent failure to designate material as "Confidential" does not preclude a party from subsequently making such a designation, and, in that case, the material is treated as confidential only after being properly designated.  Unless otherwise ordered by the Court or stipulated by the parties, only documents, interrogatory answers, or deposition testimony relating to the subjects enumerated in paragraph 1 may be designated as Confidential Information.  Parties to this action may also designate deposition testimony relating to the subjects enumerated in paragraph 1 above as "Confidential Information" by advising opposing counsel of record, in writing, within 15 days after receipt of a copy of the transcript, or such other time period as may be mutually agreed upon by the parties, of the pages and lines of the deposition which the party believes fall under paragraph 1.  Alternatively, any party may, on the record at the deposition, designate deposition testimony as Confidential by advising all persons present that the party believes that the portion of the deposition in question falls under the scope of this Order.

    **4.**    **Disclosure of Confidential Information.**  Any documents or interrogatory answers which are marked as Confidential are to be treated as such by the party receiving the discovery and shall be utilized by such party only for the prosecution or defense of this case.  Except as agreed upon by the parties, or ordered by the Court, disclosure of such material or information contained therein is limited to:

    (a)    The parties;

    (b)    Their counsel, counsel's legal and clerical assistants and staff;

    (c)    Persons with prior knowledge of the documents or the Confidential Information contained therein;

(d) Witnesses whose depositions are being taken or who are being questioned at trial;

(e) Court personnel, including court reporters, persons operating video recording equipment at depositions, and any special master or mediator appointed by the Court;

(f) Any independent document reproduction services or document or video recording and retrieval services; and

(g) Any expert witness or outside consultant retained or consulted by the parties.

Counsel shall advise all persons to whom discovery materials are disclosed pursuant to this paragraph of the existence of this Order, and they shall agree to be bound prior to sharing this Confidential Information with them.

**5. Certification to abide by Protective Order.** Before disclosing Confidential Information to those persons specified in paragraph 4(g) hereof, counsel shall first give a copy of this Protective Order to such persons who shall read this Protective Order and be fully familiar with the provisions hereof and agree to abide thereby, by signing the attached certification. Upon the request of a party, the other party shall provide copies of all such signed certifications received up to that date.

**6. Agreement of Witnesses.** With respect to those persons specified in paragraph 4(d) (who do not fall into the other subsections of paragraph 4), Confidential Information may be disclosed by the non-designating party only during the course of a deposition or at trial. At such time, counsel for the non-designating party shall inform the witness that s/he is subject to this Order and provide the witness with a copy of this Order.

4

7. **Disputes Concerning Designation(s) of Confidential Information.** In the event that any party to this action disagrees at any stage of the proceedings with the designation of information as confidential, the party shall first try to resolve the matter on an informal basis. If the dispute cannot be resolved informally, the party posing the confidentiality of the information may apply for appropriate relief from this Court.

8. **Binding Effect of This Order.** This Order is binding upon the parties, their agents and employees, all counsel for the parties and their agents and employees, and all persons to whom disclosure of discovery materials or testimony are limited pursuant to the terms of this Order.

9. **Use of Confidential Information.** If a party wishes to use any confidential information in any affidavits, briefs, memoranda of law, oral argument, or other papers filed in this court in this litigation, such papers or transcripts may be filed under seal only upon separate, specific motion and later order of the court.[1] In the event that such leave is granted, such filings shall be submitted in sealed envelopes, each of which shall bear the case number of this action and a statement substantially in the following form: "This envelope contains documents protected from disclosure under a Protective Order entered by the Court. It shall not be opened or released from the custody of the Clerk of the Court except by Order of the Court."

10. **Return of Confidential Information.** At the conclusion of this litigation the parties' respective counsel shall, within six months, return all documents which fall under the scope of this Order. If respective counsel fails to make a written request for the return of documents within six months of the conclusion of this litigation, their right to do so is waived, and other

---

[1] *See Holland v. GMAC Mortgage Corp.,* No. 03-2666 WL 1534179, at *1-*2 (D.Kan. June 30, 2004) (citations omitted).

counsel may destroy such records at their option. The parties, however, retain the right to keep any documents that were admitted as exhibits in this case.

**IT IS SO ORDERED**.

Dated this 18th day of July, at Kansas City, Kansas.

s/ James P. O'Hara
U.S. Magistrate Judge

IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS

| | |
|---|---|
| **JENNIFER HANNERS,** ) | |
| ) | |
| **Plaintiff,** ) | |
| ) | |
| v. ) | Case No.    05-2143-JWL |
| ) | |
| **AMF BOWLING CENTERS, INC.,** ) | |
| ) | |
| ) | |
| **Defendant.** ) | |

### CERTIFICATION

In consideration for being allowed to review certain documents and depositions identified as "Confidential Information" and/or "Subject to Protective Order" in the above referenced litigation, the undersigned hereby certifies as follows:

1. The undersigned hereby acknowledges that he/she has read the PROTECTIVE ORDER which was signed by the Court on July 18, 2005 in this case.

2. The undersigned has reviewed certain documents and/or depositions marked as "Confidential" and/or "Subject to Protective Order" in the above referenced litigation, and acknowledges that he/she is one of the persons contemplated to be given access to the information designated Confidential by one of the parties.

3. The undersigned acknowledges that he/she fully understands and agrees to abide by

the obligations and conditions under the PROTECTIVE ORDER, and will use the Confidential Information and all information obtained therefrom, only for purposes of this litigation and for no other purposes, and that he/she will not disclose the Confidential Information nor any information contained therein, to any other person, firm, or entity.

    4.    The undersigned does hereby voluntarily subject himself/herself to the jurisdiction of this Court for purposes of enforcing the PROTECTIVE ORDER and the terms of this Certification.

_____
Signature

_____
Print Your Name

_____
Title or Position

Dated: _____

STATE OF _____ )
                              ) ss.
COUNTY OF _____ )

    Subscribed and sworn to before me this _____ day of _____, 2005.

_____
NOTARY PUBLIC

My Commission Expires:

9